FILED

DEC 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAURIZIO ANTONINETTI, by his successor-in-interest LIVIA ANTONINETTI,<br><br>        Plaintiff - Appellant/<br>        Cross - Appellee,<br><br>  v.<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>        Defendant - Appellee/<br>        Cross - Appellant. | Nos. 08-55867, 08-55946,<br>      09-55327, 09-55425<br><br>D.C. No. 05-CV-1660-BTM<br>Southern District of California,<br>San Diego<br><br><br>ORDER |

Before: Peter L. Shaw, Appellate Commissioner

I
Background

Maurizio Antoninetti, a paraplegic, claimed that Chipotle Mexican Grill's

accommodations for wheelchair-using customers wishing to enjoy the Chipotle

experience -- viewing food choices and watching food preparation -- violated the

Americans with Disabilities Act ("ADA") and the California Disabled Persons Act.

The district court denied Antoninetti's request for an injunction against walls at

two Chipotle restaurants that prevented wheelchair users from observing food

preparation counters. The district court determined that Chipotle's unwritten pre-litigation policy for accommodating wheelchair users violated the ADA, but that Chipotle had complied with the ADA in a written policy adopted after the litigation was filed that provided for showing samples or giving descriptions of the food to wheelchair users. After a bench trial, the district court awarded Antoninetti statutory damages under the California Disabled Persons Act in the amount of $5,000 for five "bona-fide" visits to Chipotle as a customer, but denied Antoninetti's request for damages for three litigation-related visits for evidence-gathering. Antoninetti appealed the judgment (No. 08-55867), and Chipotle cross-appealed (No. 08-55946).

Based on Antoninetti's limited success on the issues, the district court awarded Antoninetti one-quarter of the attorneys' fees that he requested under the ADA, for a total of $136,537.38. Antoninetti appealed the fee award (No. 09-55327), and Chipotle cross-appealed (No. 09-55425). Antoninetti filed a motion to consolidate the four appeals. Because briefing of the first set of cross-appeals, numbers 08-55867 and 08-55946, had been completed, the court consolidated the four appeals for disposition only. This court affirmed in part, reversed in part, vacated in part, and remanded to the district court for further proceedings, holding that Chipotle's written post-litigation accommodations policy and the two walls

also violated the ADA, and that the district court erred by denying Antoninetti's requests for injunctive relief and additional attorneys' fees. *See Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1168-69 (9th Cir. 2010). Because the outcome had changed -- Antoninetti now had prevailed on the two major issues that he lost before the district court -- this court stated that the district court should reexamine and reconsider its attorney's fees award, but expressed no view regarding what would be a reasonable fee for the district court proceedings in light of the changed circumstances. *Id*. at 1176.

On remand, the district court entered judgment against Chipotle for violation of the ADA. The district court granted in part and denied in part Antoninetti's motion for summary judgment, granting Antoninetti's request for $5,000 in statutory damages for five "bona-fide" Chipotle visits but denying Antoninetti's request for $3,000 in damages for three litigation-related visits and denying as moot the request for injunctive relief because Antoninetti was now deceased.[1] The district court also granted in part and denied in part Antoninetti's motion for an award of attorneys' fees, awarding fees in the amount of $545,079.05 for Antoninetti's attorneys' work in the district court and in opposition to Chipotle's

_____

[1] Antoninetti died on May 9, 2011, and the district court granted his wife Livia Antoninetti's unopposed motion to substitute as the plaintiff in this litigation. Antoninetti's case also was transferred to District Judge Barry Ted Moskowitz.

petition for a writ of certiorari to the United States Supreme Court. Chipotle did not appeal the district court's judgment on remand.

Antoninetti filed a motion in this court for an award of attorneys' fees for the court of appeals proceedings. *See* 9th Cir. R. 39-1. Chipotle filed an opposition, and Antoninetti filed a reply. *Id*. The court awarded attorneys' fees to Antoninetti and referred to the Appellate Commissioner the determination of an appropriate amount of fees on appeal. *Id*. Antoninetti also filed a bill of costs in the amount of $2,393.45, and Chipotle filed an opposition. The Clerk taxed costs in the amount of $1,306.90 in favor of Antoninetti.

II
Analysis

A. Applicable Law

Antoninetti requests an award of attorneys' fees under the ADA, 42 U.S.C. § 12205, and the California Disabled Persons Act, Cal. Civ. Code § 54.3(a). The ADA provides that "the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." *Antoninetti*, 643 F.3d at 1176. "[U]nder federal fee-shifting statutes 'the lodestar approach' is 'the guiding light' in determining a 'reasonable' fee." *Id*. (quoting *Perdue v. Kenny A.*, 599 U.S. ___, ___, 130 S. Ct. 1662, 1671-73 (2010)). "Under

that method, the court first determines the appropriate hourly rate for the work performed, and then multiplies that amount by the number of hours properly expended in doing the work." *Id*.

B.  Attorneys' Fees

Antoninetti requests attorneys' fees in the amount of $414,875 for 846.8 hours of 2008-through-2010 court of appeals work by two San Diego attorneys who represented him on a contingency basis.  Lead counsel Amy Vandeveld billed 776.6 hours of work at $500 per hour and 18.2 hours of timesheet entry at $125 per hour.  Co-counsel Thomas Vandeveld billed 52 hours of work at $475 for assisting in the preparation of oral argument by Amy Vandeveld.

Chipotle objects that Antoninetti is overreaching and that he seeks an unreasonably high amount of fees.  Chipotle argues that Antoninetti's fee request must be sharply reduced in order to comply with basic legal principles governing fee motions, as well as to make the award reasonable as required under the ADA.

1.  Reasonable Hourly Rates

a.  Antoninetti's Request

Antoninetti requests a $500 hourly rate for 776.6 hours of work [and a $125 hourly rate for 18.2 hours of timesheet entry] in 2008 through 2010 by lead counsel Amy Vandeveld of San Diego, who graduated from the University of San

Diego School of Law and was admitted to the California bar in 1988. Antoninetti also requests a $475 hourly rate for 52 hours of work in 2009 and 2010 by co-counsel Thomas Vandeveld of San Diego, who was admitted to the California bar in 1989. Both attorneys have significant experience representing people with disabilities, and state that their rates are the prevailing rates in the community for the work performed.

In support of the requested $500 hourly rate for Amy Vandeveld and $475 hourly rate for Thomas Vandeveld, Antoninetti submits declarations by Richard Pearl, Russell Handy, and Andrew Mudryk. Pearl graduated from the University of California, Berkeley School of Law in 1969, was admitted to the California bar in 1970, and has significant experience in attorneys' fees litigation. Pearl states that "[t]he information I have gathered, some of which is summarized [in the declaration], shows that the hourly rates requested by counsel in this case are well in line with the non-contingent market rates charged by attorneys of reasonably similar qualifications for reasonably similar work in California and similar markets."

Handy graduated from California Western School of Law and was admitted to the California bar in 1998. Handy is a partner at the Center for Disability Access in San Diego who has devoted his career to disability rights cases. Handy

states that Amy Vandeveld and Thomas Vandeveld have demonstrated "extraordinary levels of knowledge, competency, and experience in the field of accessability law," and that "it is my opinion that Amy Vandeveld's services are reasonably valued at the rate of $500.00 per hour and that Thomas Vandeveld's services are reasonably valued at the rate of $475.00 per hour."

Andrew Mudryk graduated from George Washington University Law School and was admitted to the Michigan bar in 1989, the Arizona bar in 2003, and the California bar in 2007. Mudryk was Director of Litigation for Southern California at Protection & Advocacy, Inc. ("PAI"), a statewide non-profit law firm dedicated to advancing the rights of people with disabilities. Mudryk states that "attorneys affiliated with PAI with the level of experience of Ms. Vandeveld would seek $500.00 per hour in a fee claim in the San Diego area," and that "in fact, if Ms. Vandeveld were an attorney affiliated with Protection & Advocacy, Inc., we would seek an award of $500.00 per hour for her services." Yet Mudryk also states that "it is my opinion that her services are quite reasonably valued at the rate of $375.00 per hour."

    b. Chipotle's Objections

Chipotle objects that the $475 and $500 hourly rates requested by Antoninetti are excessive, unreasonable, and unprecedentedly high, and that

Antoninetti has not satisfied his burden "to produce satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Chipotle contends that Pearl's, Handy's, and Mudryk's declarations do not show that the requested $475 and $500 hourly rates are appropriate for ADA cases in the San Diego area, and that hourly rates in the range of $250 to $325 are more appropriate for ADA actions such as this one.

Chipotle notes that, based in part on Mudryk's declaration, Antoninetti requested $375 per hour for Amy Vandeveld in the first, pre-appeal district court fee application. In the two pre-appeal decisions regarding fees for the district court proceedings, the district court did not explicitly state or explain the hourly rate it applied. *See Antoninetti*, 643 F.3d at 1176. But the district court apparently applied the requested $375 hourly rate, which Chipotle did not challenge. *Id*. Nevertheless, this court vacated the district court's decision, and on remand the district court awarded a $400 hourly rate for Amy Vandeveld.

c. District Court Decision

After Antoninetti and Chipotle briefed the issues here regarding fees for the court of appeals proceedings, the district court decided Antoninetti's post-remand

motion for attorneys' fees for the district court proceedings and opposing a petition

for a writ of certiorari. With respect to Antoninetti's request for $620 per hour for

Amy Vandeveld -- Thomas Vandeveld did not appear before the district court --

the district court determined that neither Pearl's declaration, nor a declaration by

Dara Schur that is not presented here, introduced evidence that the requested rate

was the prevailing rate for San Diego ADA and California Disabled Persons Act

lawsuits brought by lawyers of similar skill and experience. The district court

stated that counsel for Antoninetti was unable to cite at oral argument a case

awarding a rate comparable to $620 per hour, and that the court was not aware of

such a case.

The district court concluded that $375 per hour was reasonable for Amy

Vandeveld's district court work, relying on a declaration by Michael Hensley that

is not presented here and *Vega v. Tradesmen Int'l, Inc.*, No. 10-CV-459, 2011 WL

1157683, at *3 (S.D. Cal. Mar. 29, 2011) ("In more complex [ADA] cases [in the

Southern District of California], fee of up to $375 per hour may be considered

reasonable."). The district court found the rate was consistent with the previously

requested rate and award for Amy Vandeveld, previous awards in other cases for

Amy Vandeveld, and awards to attorneys of similar experience and in similar cases

in the Southern District of California. Nevertheless, the district court awarded

$400 per hour for Amy Vandeveld because she was required to finance the costs of the lengthy contingency fee representation. The district court also found, however, that the complexity of the legal issues and the time required to litigate through trial and appeal were compensated by the large number of hours billed and awarded.[2]

### d. Court Of Appeals Hourly Rates

The district court applied the $400 hourly rate to all of Amy Vandeveld's district court work from 2005 through 2012. Although the district court did not explain this aspect of its $400 hourly rate calculation, it appears to reflect in part that the majority of Amy Vandeveld's district court work was performed before the 2008 appeal. The district court relied on *Vega*, which in turn relied on *Walker v. San Diego*, 2009 WL 1010891, at *5, (S.D. Cal. 2009), where $375 per hour was awarded for Amy Vandeveld's work from 2001 through 2009. A review of the *Walker* docket and fee motion shows that most of Amy Vandeveld's work in *Walker* was performed during the earlier part of the 2001-through-2009 time period. Because Thomas Vandeveld's and Amy Vandeveld's 2008-through-2010 court of appeals work was performed later than most of Amy Vandeveld's district

---

[2] The district court also awarded Antoninetti's requested $550 hourly billing rate for the work of David Ferleger, a Pennsylvania attorney with 38 years of experience, on the opposition to Chipotle's petition for a writ of certiorari in the United States Supreme Court. Ferleger did not appear before the court of appeals.

court work in this case and in the *Walker* case, the higher $475 and $500 hourly rates requested by Antoninetti here reasonably apply to the court of appeals work by Thomas Vandeveld and Amy Vandeveld. In addition, district court work differs in complexity from court of appeals work.

Although the district court rejected Pearl's declaration in support of Antoninetti's requested rates on the ground that it did not introduce evidence of prevailing rates for San Diego ADA and California Disabled Persons Act lawsuits, unlike in the district court, Pearl's declaration is accompanied here by the declarations of Handy and Mudryk, who specialize in San Diego ADA litigation. Handy bases his opinion that the Vandevelds' services are reasonably valued at the requested rates on his experience and knowledge of the fees charged by similarly qualified disability rights attorneys in the San Diego area. Similarly, Mudryk states, based on research conducted by his San Diego disability rights organization PAI, that attorneys affiliated with PAI with the level of experience of Ms. Vandeveld would request $500 per hour. Taken together, Pearl's, Handy's, and Mudryk's declarations are relevant and satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11.

In any event, in support of Antoninetti's $475 and $500 requested rates for Thomas Vandeveld and Amy Vandeveld, who had 19 to 21 years of experience when the court of appeals work was performed, Pearl's declaration does show with respect to the San Diego market that San Diego Gas & Electric Company hired outside counsel at 2003 hourly rates of $477 to $625 for partners with 13 or more years of experience.

In addition, Pearl sets forth hourly rates for San Francisco and Los Angeles law firms that handle complex federal litigation including appeals, as well as awards of hourly rates in complex San Francisco and Los Angeles federal and state court actions, all of which are comparable and relevant to the ADA action here. In *Nadarajah v. Holder*, 569 F.3d 906, 916-17 (9th Cir. 2009), the court approved reliance on fee awards in federal civil rights and First Amendment actions to determine reasonable hourly rates in an immigration appeal, and awarded hourly rates for Los Angeles-based attorneys in an appeal arising from the Southern District of California based on evidence of prevailing market rates in Los Angeles and San Francisco. *See also Christensen v. Stevedoring Servs. of Amer.*, 557 F.3d 1049, 1054 (9th Cir. 2009) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008) (court may not define prevailing market rate only in terms of what has been awarded under a specific federal fee shifting statute, and "a de facto

policy of 'holding the line' at a flat rate [for certain types of cases] does not constitute an appropriate determination of a 'market rate.'")).

Pearl also shows 2007 to 2010 hourly billing rates at 31 San Francisco and Los Angeles law firms that include the following hourly billing rates for attorneys with years of experience similar to the Vandevelds' years of experience: 19 years - $580 to $610; 20 years - $535 to $750; 21 years - $575 to $820. Pearl cites the awards of $500 and $550 per hour for attorneys with 20 and 22 years of experience in a federal Individuals with Disabilities Education Act action, *H.B. v. Las Virgenes Unified School Dist.*, No. 04-CV-8572-CAS (C.D. Cal. Sept. 29, 2010); $625 per hour for an attorney with 21 years of experience in a state wage and hour class action, *Savaglio v. Wal-Mart*, No. C-835687-7 (Alameda Cnty. Super. Ct. Sept. 10, 2010); $675 per hour for an attorney with 20 years of experience in a federal breach of contract action, *Santa Fe Pointe, L.P. v. Greystone Servicing Corp., Inc.*, 07-CV-5454-MMC (N.D. Cal. Oct. 16, 2009); $575 for an attorney with 20 years of experience in a federal civil rights action, *Fitzgerald v. City of Los Angeles*, No. 03-CV-1876-DDP (C.D. Cal. April 7, 2009); and $690 for an attorney with 22 years of experience in a state breach of contract class action, *Kashmiri v. Regents of Univ. of Cal.*, No. CGC-03-422747 (San Francisco Super. Ct. Sept. 30, 2008).

In addition, in *Nadarajah*, this court approved an award of a $500 hourly rate for 2005-2008 work by attorney with 20-23 years of experience. *See Nadarajah*, 569 F.3d at 917-18. The district court's award in this case of $550 per hour for the 2011 United States Supreme Court work by Ferleger, a Pennsylvania attorney with 38 years of experience, also supports the award of Antoninetti's requested rates.

Chipotle has failed to rebut the evidence that the requested $475 and $500 hourly rates for Thomas Vandeveld and Amy Vandeveld are in line with prevailing market rates. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citing *Blum*, 465 U.S. at 892 n.5) ("The party opposing the fee application has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits.") Chipotle has not introduced here the Hensley affidavit that the district court relied on, or submitted any evidence in support of its opposition to Antoninetti's court of appeals fee request.

Based on the foregoing, along with the Appellate Commissioner's experience reviewing many fee requests in similar appeals, Antoninetti's requested hourly rates are reasonable and they are awarded.

2. Hours Reasonably Expended

    a. Antoninetti's Request

On Ninth Circuit Form 9, Antoninetti claims the attorneys' hours were spent as follows:

| Description of Services | Amy Vandeveld | Thomas Vandeveld | Totals |
|---|---|---|---|
| Interviews & Conferences | 11.1 | 1.2 | 12.3 |
| Obtaining & Reviewing Records | 81.7 | 18.2 | 99.9 |
| Legal Research | 179.8 | 12.1 | 191.9 |
| Preparing Briefs | 405.3 | 0 | 405.3 |
| Preparing for & Attending Oral Argument | 60.4 | 13.5 | 73.9 |
| Other | 26.6 | 7.0 | 33.6 |
| Reply | 29.9 | 0 | 29.9 |
| Totals | 794.8 | 52.0 | 846.8 |

In cross-appeals numbers 08-55867 and 08-55946, Antoninetti participated in two pre-briefing telephone conferences with the Circuit Mediator and filed a notice of appeal, a civil appeals docketing statement, a representation statement, a 57-page opening brief, a motion for an extension of time to file the reply/answering brief, a 62-page reply/answering brief, 7 volumes of excerpts of record, and an opposition to Chipotle's motion to strike the reply/answering brief.

In cross-appeals numbers 09-55327 and 09-55425, Antoninetti filed a 62-page opening brief, a 46-page reply/answering brief, and 10 volumes of excerpts of record.

With respect to the four consolidated appeals, Antoninetti appeared at oral argument in Pasadena, where seven minutes of Antoninetti's time was allotted to amici curiae disability rights organizations that had been permitted to file a brief. Antoninetti also filed a motion to consolidate, a bill of costs, a motion for attorneys' fees, and a reply to Chipotle's opposition to the fee motion. Antoninetti participated in two fee-related telephone conferences with the Circuit Meditor.

b. Chipotle's Objections

i. Block Billing

Chipotle objects that at least two-thirds of Amy Vandeveld's time entries include block billing, and that she often created only one time entry for an entire day's work. Chipotle argues that two-thirds of Amy Vandeveld's 764.9 hours requested in the fee motion should be reduced by 20 percent, resulting in a $50,083.35 reduction in the requested fees, to account for block billing.[3] Chipotle's contention lacks merit.

_____

[3] Amy Vandeveld's 29.9 hours requested for the fee reply were excluded from Chipotle's calculation of the requested reduction and a review shows that the hours were not block billed.

Block billing may inflate time by 10 percent to 30 percent, and hours should be reduced when block billing makes it difficult to determine how much time was spent on particular activities. *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (citing *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004)). The district court determined that Amy Vandeveld block billed 341.5 hours of her requested 1,736.4 hours for the district court proceedings, and reduced those hours by 20 percent or 68.3 hours to account for block billing.

Antoninetti responds, however, that Chipotle specifies only six time entries for the court of appeals proceedings that purportedly include block billing, and that Chipotle is incorrect that two-thirds of the time entries include block billing of disparate tasks. In addition, the Appellate Commissioner's review of Amy Vandeveld's invoice reveals that she did not block bill disparate tasks in two-thirds or even in the majority of her time entries. Although Amy Vandeveld block billed multiple tasks in some entries, in addition to those specified by Chipotle or discussed below regarding clerical work, in those instances the tasks were similar and related to brief preparation. A limited amount of block billing of similar, related tasks does not necessarily inflate the hours requested or make it difficult for the court to determine how much time was spent on particular activities. *See*, *e.g.*, *Secalt S.A. v. Wuxi Shenxi Constr. Machinery Co.*, 668 F.3d 677, 690 & n.5 (9th

Cir. 2012) (counsel is not required to record in great detail how each minute of time was expended).

The Appellate Commissioner's review of Amy Vandeveld's court of appeals time entries shows that she did not block bill disparate tasks to a degree that would impair the court's reasonableness evaluation or result in an inflated number of hours. Chipotle's request for an across-the-board reduction for block billing is denied.

### ii. Clerical Work

Chipotle objects that Antoninetti's fee request should be reduced by $24,275 because Antoninetti requests the award of clerical work at attorney and paralegal hourly rates. Specifically, Chipotle objects to Amy Vandeveld's billing at the $500 attorney hourly rate a total of 44 hours to courier material to and from the copy service, to play DVDs to confirm they were viewable, to prepare items for shipping, and to prepare brief tables and excerpt of record indices. Chipotle also objects to Amy Vandeveld's billing at the $125 paralegal hourly rate a total of 18.2 hours and $2,275 in fees for entering time records into a billing program.

Chipotle's objection has partial merit. "[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them . . . '[The] dollar value [of such non-legal work] is not enhanced just because

a lawyer does it.'" *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)).

Antoninetti responds that Amy Vandeveld could not reasonably rely on secretarial staff to coordinate the unusual formatting of the excerpts of record, which included three critical DVDs depicting the Chipotle experience, and that three trips to the copy service for these activities should be allowed. Antoninetti withdraws, however, a request for 0.8 hours and $400 fees for Amy Vandeveld's fourth trip to the copy service. Antoninetti argues that only Amy Vandeveld could ensure that the DVDs were viewable, and that the references in the briefs were properly correlated to the DVDs. Antoninetti also argues that preparing tables for the briefs and indices for the excerpts of record were part of brief preparation, and therefore were properly performed by Amy Vandeveld to ensure accuracy.

Antoninetti's response that only Amy Vandeveld could perform this work is not persuasive. "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available." *Missouri*, 491 U.S. at 288 n.10. In *Action on Smoking & Health v. CAB*, 724 F.2d 211, 222-23 (D.C. Cir. 1984), the D.C. Circuit declined to compensate at attorney hourly rates an attorney's preparation of

an appendix and trips to the courthouse for filing, noting that even where "[a] public interest, non-profit organization, performs its work without the abundant clerical or paralegal support often possessed by private sector law firms; [the court] cannot compensate work not properly performed by attorneys at attorneys' rates."

In the alternative, Antoninetti argues that the hours for preparing tables and indices should be compensated at an appropriate clerical rate rather than disallowed entirely. Antoninetti concedes that approximately 0.4 hours for coordinating the mailing of boxes to the court containing the DVDs and excerpts of record was clerical in nature, but argues that this task should be compensated at an appropriate clerical rate. Antoninetti also argues that it was more efficient for her to enter the time records into the billing program than to train an employee to decipher her records and use the program, as well as to review that employee's work, and therefore these hours should be compensated at the requested paralegal hourly rate.

If an attorney's hourly rate already incorporate the cost of clerical work, the court should not compensate the cost of clerical work in addition to the reasonable attorneys' fee award calculated by multiplying the attorney's reasonable hourly rate by the hours reasonably expended. *See Trs. of the Constr. Indus. & Laborer's Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir.

2006).  But "even purely clerical or secretarial work is compensable if it is customary to bill such work separately . . . though such tasks 'should not be billed at the [attorney's] rate."  *Id.* at 1257 (quoting *Jenkins*, 491 U.S. at 288).

Antoninetti appears to contend that the hourly rates requested and awarded do not incorporate the cost of clerical work, and that Amy Vandeveld customarily bills separately for clerical work.  Yet Antoninetti provides no evidence that separate billing of clerical work is the custom or prevailing practice in the relevant community or the San Diego market.  *See id*. (citing *Jenkins*, 491 U.S. at 287-88).  In the Appellate Commissioner's experience, separate billing of clerical work is not the prevailing practice in San Diego or in most of the Ninth Circuit.

Antoninetti suggests that the court may award a lower hourly rate for Amy Vandeveld's separately billed clerical work, but does not suggest an alternate rate or provide evidence of a prevailing market rate for separately billed clerical work.  Antoninetti's time record entry was clerical work, and therefore may not be compensated at the requested paralegal rate.  In the circumstances, and in light of the award in full of the requested $475 and $500 hourly rates for the Vandevelds, which include overhead costs, Antoninetti's requested hours should be reduced to eliminate hours claimed for clerical work at Amy Vandeveld's hourly rate and the

paralegal rate. *See Davis*, 976 F.2d at 1543 & n.3; *Action on Smoking & Health*, 724 F.2d at 222-23.

Antoninetti responds, however, that Chipotle's calculation is incorrect that 44 hours were billed for clerical work. Antoninetti submits Amy Vandeveld's declaration that, of the time entries specified by Chipotle, only 12.1 hours and $6,050 in fees billed by Amy Vandeveld at the $500 attorney rate involved purported clerical work. Chipotle did not request leave to file a sur-reply or otherwise challenge Antoninetti's recalculation of the number of purported clerical hours and, according to a review of the specified time entries, Antoninetti's recalculation is in large part accurate. Because Amy Vandeveld block billed many of the specified entries, Chipotle included in the calculation of the clerical hours some time that actually was spent on brief preparation. But Antoninetti should have included in the recalculation an additional 6.2 hours billed on June 4, 2009 for preparing the excerpts of record that were specified by Chipotle. Antoninetti's recalculation also should have included 18.2 hours and $2,275 in fees billed by Amy Vandeveld at the $125 paralegal rate for entering time records into a billing program data entry.

The clerical hours also should include 17.7 hours and $8,850 in fees for filing and for preparing the excerpts of record that have been identified by the

Appellate Commissioner and were not previously specified by Chipotle, for a total

reduction for clerical work of 54.2 hours and $20,275 in fees.  Again, some of

these hours were block billed and include brief preparation hours and, where that

occurred, the Appellate Commissioner includes only a portion of the billed hours,

using as a guideline Amy Vandeveld's declaration discussed above.  Specifically,

Amy Vandeveld billed, and the Appellate Commissioner includes in the clerical

hours, the following hours:

> June 16, 2008 -- 2.1 hours for "Obtain/Review records - review lengthy docket sheet and review filed documents to identify records to be copied for excerpts of record;"
>
> August 12, 2008 -- 9.1 hours for "Preparing brief - prepare EOR, continued revision of total brief, check cites for accuracy"
> [1.5 hours included in clerical hours];
>
> August 25, 2008 -- 6.1 hours for "Preparing brief - review all files, documents and coordinate voluminous documents for excerpts of record;"
>
> September 4, 2008 -- 3.1 hour for "Obtain/Review records and coordinate for finalization of Excerpts of Record;"
>
> December 18, 2008 -- 0.2 hour "Review 3 orders - to file 10 copies of brief; order striking brief; order to file brief;"
>
> February 10, 2009 -- 7.4 hours for "Preparing brief - regarding waiver of defenses, burdens of proof; review, revise, edit all portions of brief; finalize supplemental EOR with 4 additional documents"
> [1.5 hours included in clerical hours];

February 18, 2009 -- 0.1 hour for "Review order regarding filing of brief;" 0.1 hour for "Review order rejecting brief;" 0.1 hour for "Telephone call to/with Court regarding clarification of order;" 0.2 hour for "Preparing brief - revise brief regarding word count, refile brief" [0.3 hour included in clerical hours];

February 23, 2009 -- 0.1 hour for "Review docket activity - Supplemental EOR filed;" 0.1 hour for "Telcon with Court regarding status of . . . submission of brief;" 0.1 hour for "Review order regarding filing of brief;"

May 26, 2009 -- 6.9 hour for "Preparing brief - begin drafting First Brief on Fee Appeal regarding statement of jurisdiction, issues for review, statement of case, coordinate documents for EOR" [1.5 hour included in clerical hours];

August 13, 2009 -- 3.8 hours for "Preparing brief - finalization of brief, EOR" [1 hour included in clerical hours];

August 17, 2009 -- 0.1 hour for "Preparing brief - prepare efiling certificate."

iii.  Amici Curiae Communication

Chipotle objects to 7.9 hours billed by Amy Vandeveld and 7.3 hours billed by Thomas Vandeveld for communicating with amici curiae, particularly with regard to brief and oral argument preparation.  Antoninetti responds that, due to block billing, only 4.5 hours billed by Amy Vandeveld and a portion of the hours billed by Thomas Vandeveld relate to amici curiae.  In any event, Chipotle's argument lacks merit.  Chipotle cites *Miller-Wohl Co. v. Comm'r of Labor &*

*Indus.*, 694 F.2d 203, 204-05 (9th Cir. 1982), which holds that amici curiae are not parties to litigation and therefore they are not entitled to attorneys' fees awards. But Antoninetti seeks fees for communicating with amici curiae, not for compensating the amici curiae themselves.

Chipotle also cites *Glassroth v. Moore*, 347 F.3d 916, 919 (11th Cir. 2003), where the Eleventh Circuit held that fees under the Civil Rights Act, 42 U.S.C. § 1988, should not be awarded for an attorney's time spent enlisting various organizations to appear as amici; suggesting potential signatories for the amici curiae briefs; working on, supervising, and reviewing the amicus briefs; and seeing that the briefs were mailed on time. The Eleventh Circuit reasoned that amicus briefs often are used to evade brief-length limitations. *Id*.

Yet the Ninth Circuit has awarded attorneys' fees under § 1988 and under the Equal Access to Justice Act, 20 U.S.C. § 2412, for communications with amicus curiae. *See Nadarajah*, 569 F.3d at 921-22; *Suzuki v. Yuen*, 678 F.2d 761, 764 (9th Cir. 1982). The Third Circuit also has determined that consultations and discussions with amicus curiae are compensable under § 1988, noting that amici curiae briefs can assist the court. *See Tenafly Eruv Ass'n v. Borough of Tenafly*, 195 F. App'x 93, 99 & n.8 (3d Cir. 2006). Antoninetti's attorneys' time for

communicating with amici curiae, particularly with regard to brief and oral

argument preparation, may be awarded.

iv. Duplication Of Effort

Chipotle argues that Thomas Vandeveld's hours often duplicate Amy

Vandeveld's hours, and objects specifically to 10.9 hours billed by Thomas

Vandeveld for attending the oral argument presented by Amy Vandeveld.

Chipotle's objection lacks merit.

Antoninetti responds that Thomas Vandeveld helped Amy Vandeveld

prepare for oral argument and that his presence at oral argument was necessary to

assist in accessing the voluminous record during the argument, citing *Democratic*

*Party of Wash. State v. Reed*, 388 F.3d 1281, 1286-87 (9th Cir. 2004) ("if

[lawyers] are [at oral argument] because their assistance is or may be needed by the

lawyer arguing the case, as when a judge asks 'where is that in the record,' and one

lawyer must frantically flip through pages and find the reference to hand to the

lawyer arguing, then the assistance is most definitely necessary.")

"[T]he . . . court may not set the fee based on speculation as to how other

firms would have staffed the case." *Moreno*, 534 F.3d at 1115. "The . . . court's

inquiry must be limited to determining whether the fees requested by this particular

legal team are justified for the particular work performed and the results achieved in this particular case." *Id*. at 1115.

A review of Thomas Vandeveld's invoice shows that his oral argument-related hours, and his hours in general, did not involve unnecessary duplication of effort. In addition, the two attorneys did not engage in an unnecessary amount of conferencing. Thomas Vandeveld's expenditure of hours was justified, in light of Antoninetti's success at oral argument and on appeal, and the hours are awarded.

v. Excessive & Unreasonable Hours

Chipotle objects that Antoninetti's attorneys billed an excessive and unreasonably high number of hours given the case at issue and the tasks performed, but discusses in particular only Amy Vandeveld's hours. Chipotle argues that the appeals were in Amy Vandeveld's area of expertise and that she was familiar with the issues and procedural history of the case after representing Antoninetti in the district court bench trial. Therefore, Chipotle contends, Amy Vandeveld should not have required the requested hours for the appeals. Chipotle's objections have merit.

Antoninetti responds that Chipotle has not offered evidence of its own attorneys' hours for the appeals, or the affidavits of other appellate attorneys that support its objection to the requested hours, citing *Democratic Party of Wash.*

*State v. Reed*, 388 F.3d at 1287 (one particularly good indicator or useful guide regarding how much time is necessary and appropriate is how much time the other side's lawyers spent), and *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1214 (9th Cir. 1986) (counter-affidavits indicating the amount of time opposing counsel expended would have been helpful to the court). Antoninetti argues that the requested hours are reasonable for two sets of appeals involving novel issues, a voluminous record, and an amici curiae brief and oral argument, particularly in comparison with the 306 total hours and 40 oral argument hours awarded for a single appeal in *Nadarajah*, 569 F.3d at 924-25.

Despite Amy Vandeveld's familiarity with the case, based on the district court proceedings, she reasonably spent additional, significant amounts of time winning on appeal the issues that were lost below. "[District court and court of appeals] proceedings are not commensurate tasks, although they have some elements in common." *See Moreno*, 534 F.3d at 1113. "What matters is whether spending more time winning on appeal than losing [in the district court] was an imprudent use of hours." *Id*. Moreover, "[w]hen a case goes on for many years, a lot of legal work product will grow stale; a competent lawyer won't rely entirely on last year's, or even last month's, research. . . . A lawyer also needs to get up to speed with the research previously performed. All this is duplication, of course,

but it's *necessary* duplication; it is inherent in the process of litigating over time."

*Id.* at 1112.

Nevertheless, a review of the briefs and time records, in light of the Appellate Commissioner's review of numerous fee requests in many similar appeals, including the *Nadarajah* case, shows that Amy Vandeveld should have been able to complete the legal research and brief preparation for both sets of appeals in no more than 500 hours. *See Chalmers v. City of Los Angeles*, 796 F.2d at 1214 (court may use its own experience in considering and reducing the number of hours reasonably expended).

Among other things, although the briefing could not be consolidated, given the timing of the two sets of appeals, Amy Vandeveld should have been able to prepare the second set of briefs more efficiently after completing the first set of briefs. The statement of jurisdiction, lengthy statement of the case, lengthy statement of the facts, and statement of related cases in the two sets of briefs were similar. The court notified Amy Vandeveld that the appeals would be assigned to the same merits panel. Although she researched the question on April 13 and 17, 2009, Amy Vandeveld did not avoid repetitive presentations of common facts in the second set of briefs or adopt by reference any parts of the previously filed briefs. *See, e.g.*, Fed. R. App. P. 28(i); 9th Cir. Adv. Comm. N. to R. 28-4.

Accordingly, Antoninetti's request is reduced by 85.1 hours and $42,550 in fees to reflect a reasonable expenditure of hours by Amy Vandeveld for legal research and brief preparation.

3. Attorneys' Fees Summary

Antoninetti's requested hourly rates of $500 for Amy Vandeveld and $475 for Thomas Vandeveld are awarded. Antoninetti's fee request is reduced by a total of 139.3 hours and $62,825 in fees, for a total award of 707.5 hours and $352,050 in fees.

C. Expenses

Antoninetti requests the award of expenses in the amount of $2,458.83 for shipping the briefs by FedEx and UPS; for oral argument-related hotel lodging and meals for Amy Vandeveld, Thomas Vandeveld, and Amy Robertson, the attorney for amici curiae; and for Robertson's rental car and airline ticket adjustment fees in connection with oral argument. Antoninetti does not include Amy Vandeveld's or Thomas Vandeveld's oral argument-related transportation expenses.

Chipotle objects to the requested expenses, arguing that Antoninetti has not provided invoices for the expenses and may not recover the expenses of Amy Robertson, the attorney for amici curiae. Antoninetti may not recover the expenses of amici curiae, in the amount of $1,038.88, even if Antoninetti's attorney

advanced them.  *See Miller-Wohl Co.*, 694 F.2d at 204-05.  But Antoninetti's

attorney's declaration is sufficient evidence of the remaining expenses.  *See* 9th

Cir. R. 39-1.6.  Antoninetti is awarded expenses in the amount of $1,419.95.

III
Conclusion

Attorneys' fees and expenses in the amount of $353,469.95 are awarded in

favor of Maurizio Antoninetti, by his successor-in-interest Livia Antoninetti, and

against Chipotle Mexican Grill, Inc.

This order amends the court's mandate.  *See* Fed. R. App. P. 41.